UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HOSSEIN GHADIRI, | ) | CASE NO.  4:06 CV1765 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN T.R. SNIEZEK, FCI ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

On July 20, 2006, pro se petitioner Hossein Ghadiri filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He names his custodian, Warden T.R. Sniezek at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), as the respondent.  Mr. Ghadiri, who is currently incarcerated in F.C.I. Elkton, seeks to correct the amount of sentencing credit the Bureau of Prisons (BOP) has applied to his prison sentence.

*Background*

Mr. Ghadiri states that he was arrested by the Immigration and Naturalization Service (I.N.S.) on April 13, 2000.  He was subsequently indicted in the United States District Court for the Eastern District of Virginia on July 25, 2000 and charged with violating 21 U.S.C. § 846.

On February 9, 2001, Mr. Ghadiri was sentenced by the district court to 90 months in prison. He claims that the court awarded him 'time served' towards his sentence from the time he was arrested by the I.N.S. until his sentencing.

In his present petition, Mr. Ghadiri argues that the respondent has improperly failed to credit his sentence for time served during the period from April 13, 2000 until July 31, 2000. He believes his sentence should be computed to commence from the date of his arrest by the I.N.S. on April 30, 2000. Based on this assertion, he seeks immediate release from custody.

*28 U.S.C. § 2241*

As a matter of law, a court, justice or judge entertaining an application for a writ of habeas corpus shall award the writ or issue an order directing the respondent to show cause why the writ should not be granted, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Based on the facts alleged in the petition before this court, Mr. Ghadiri is not entitled to the relief he seeks.

A.  *Execution of Sentences*

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Here, the court has personal jurisdiction over the petitioner's custodian, Warden Sniezek. Moreover, his challenges to the execution of his sentence are properly raised in a § 2241 petition, and he has fully exhausted his administrative remedies. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam)(federal prisoner must first exhaust his available

remedies before filing a § 2241 petition for habeas corpus relief).

B.    *Sentence Credit*

Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16 (2006); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.  See United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991);  United States v. Flanagan, 868 F.2d 336 1544, 1546 (11th Cir. 1989);  United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988).

The date on which a defendant's sentence commences and the credit he is to be given for time he has spent in custody are governed by 18 U.S.C. § 3585, which provides as follows:

> (a) Commencement of sentence.– A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.– A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>  (1) as a result of the offense for which the sentence was imposed;  or
>  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b)(2006).  Thus, it is within the authority of the BOP "to determine when a sentence is deemed to 'commence' " under § 3585(a), rather than in the sentencing court. United

States v. Wilson, 503 U.S. 329 (1992) (BOP determines credit issues, not the district courts); see, e.g., Werber v. United States, 149 F.3d 172, 179 (2d Cir.1998); United States v. Pineyro, 112 F.3d 43, 45 (2d Cir.1997).

Similarly, the credit to be granted a defendant under § 3585(b) for time during which he was held in federal custody prior to sentencing is administered by the BOP. See, e.g., Wilson, 503 U.S. at 334-35. Section "3585(b) does not authorize a district court to compute the credit at sentencing." Id. at 334; see also United States v. Galicia-Delgado, 130 F.3d 518, 522 (2d Cir.1997) (although the defendant may, after exhausting his administrative remedies, obtain judicial review of the Bureau of Prisons determination, the credit is "'not [to be granted] by a district court at the time of sentencing'" (citation omitted)).

Although he does not assert his rights pursuant to any statute, Mr. Ghadiri's claims fail. The BOP advised Mr. Ghadiri that, from the time he was arrested on April 13, 2006 until the time he was charged with a federal offense, he was in the custody of the I.N.S. pending the resolution of his deportation status. At no time during that period was Mr. Ghardiri taken into custody regarding the criminal charges that led to his current sentence. The BOP's Regional Director, D. Scott Dodrill, noted that Program Statement 5880.28, Sentence Computation Manual, sets forth that "official detention does not include time spent in custody of the U.S. Immigration & Naturalization Service (I.N.S.), . . . pending a final determination of deportability. An inmate being held by I.N.S. pending a civil deportation determination is not being held on 'official detention' pending criminal charges." (Letter from Dodrill to Ghardiri of 4/26/06, at 1.) Mr. Dodrill explained that Mr. Ghardiri's record shows that from April 13, 2000 until July 31, 2000 he was being held for civil deportation consideration only. The BOP determined that the

4

petitioner was not entitled to additional credit on his sentence because he was not being detained on criminal charges from April 13, 2000 until July 31, 2000.

It is evident that during the period of time Mr. Ghadiri was confined by the I.N.S. it was not the result of the offense for which he was convicted, within the meaning of Section 3583(b)(1). To the contrary, he was in I.N.S. custody solely for the purpose of deportation proceedings. Thus, there is no indication that he was in I.N.S. custody on another <u>charge</u> for which he was <u>arrested</u> after the commission of the federal offenses. <u>See</u> <u>United States v. Garcia-Martinez</u>, 254 F.3d 16, 19 (1st Cir. 2001)(an arrest on civil charges by the I.N.S. ordinarily does not trigger the STA [Speedy Trial Act] when criminal charges are filed later); <u>see also</u> <u>United States v. Garcia-Echaverria</u>, 374 F.3d 440, 451(6th Cir. 2004)(section § 3161(b) [Speedy Trial Act] does not generally apply to aliens held in civil detention). Accordingly, even if the district court allegedly credited Mr. Ghardiri's sentence for the period he was awaiting a determination on his status regarding deportation, it lacked the authority to do so.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 23, 2006                     *s/  James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

5